Lie v. Holder

BIA
Abrams, IJ
A098 365 367
A098 365 368

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of July, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

AY LY LIE, ANITA C. JAYA, AKA ANITA
CAROLLINA JAYA,
> *Petitioners,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-2514-ag
NAC

_____

FOR PETITIONERS:      Jack Herzig, Glenside, Pennsylvania.

FOR RESPONDENT:       Tony West, Asst. Atty. General; Carl H. McIntyre, Jr., Asst. Director; Kate D. Balaban, Trial Atty., Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, Ay Ly Lie and Anita C. Jaya, mother and daughter and natives and citizens of Indonesia, seek review of a May 28, 2010, decision of the BIA affirming the May 15, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lie*, Nos. A098 365 367/368 (B.I.A. May 28, 2010), *aff'g* Nos. A098 365 367/368 (Immig. Ct. N.Y. City May 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Lie and Jaya do not challenge the agency's pretermission of Lie's asylum application, the ruling that past persecution was not shown, or the denial of CAT relief, we address only the merits of Lie's petition as it pertains to

-2-

withholding of removal and Jaya's petition as it pertains to asylum and withholding of removal based on a claimed pattern or practice of persecution against Christian and ethnic Chinese Indonesians.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).  In addition, because the BIA determined that, even assuming credibility, Lie and Jaya did not establish their eligibility for relief, we also assume credibility.  *See Mei Fun Wong v. Holder*, 633 F.3d 64, 68 (2d Cir. 2011).

The agency reasonably concluded that Lie and Jaya failed to establish the existence of a pattern or practice of persecution against Christians and ethnic Chinese in Indonesia, as it relied on country conditions evidence in the record to find that, while there continues to be discrimination against Chinese Christians, the record did not establish a pattern or practice of persecution.  *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (upholding agency conclusion of no pattern or practice of persecution in case involving similar country conditions evidence).  While Lie and Jaya argue that the agency did not consider all of the country conditions evidence presented, the record does not compellingly suggest that the agency failed to consider any evidence, particularly as the IJ specifically listed the evidence in the record and made repeated reference to the

affidavit of the main expert witness. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006).

In addition, the agency did not err in finding that the fact that Jaya remained in Indonesia and continued to attend church for over two and one half years after the last incident of threats reduced the objective reasonableness of Lie's and Jaya's fear of future harm. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-4-